**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                        :
JOSEPH BROWN,                           :
                                        :
                  Petitioner,           :        Civil No. 06-2512 (RBK)
                                        :
         v.                             :        **OPINION**
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                  Respondent.           :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by pro se petitioner Joseph Brown ("Petitioner"),

seeking to vacate his sentence pursuant to 28 U.S.C. § 2255.  Petitioner argues that he was not

properly informed of the terms and conditions of his sentence and thus denied effective

assistance of counsel in violation of the Sixth Amendment.  The Government has answered by

filing a motion to dismiss.  Because the Petitioner has failed to meet the deficiency and prejudice

standards for a claim of ineffective assistance of counsel, Petitioner's motion is denied and the

Government's motion to dismiss is granted.

## I.    BACKGROUND

On January 3, 2001, Petitioner Joseph Brown ("Petitioner") was sentenced to a term of 77

months imprisonment, with a term of three years of supervised release to follow, pursuant to his

conviction for possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g).

On July 7, 2004, following the completion of his term of imprisonment, Petitioner commenced

serving his term of supervised release.  On March 17, 2005, the United States Probation Office

filed a petition alleging that Petitioner had violated two conditions of his supervised release by

engaging in drug use and a subsequent arrest for possession of a controlled substance.  See

3/17/04 Dept. of Probation Petition.  Following a guilty plea in state court for charges arising

from his arrest on December 30, 2004, Petitioner was incarcerated in Hudson County where he

awaited sentencing.  On March 29, 2005, this Court issued a warrant for Petitioner's arrest for the

alleged violations of his supervised release.  Prior to the Petitioner's May 27, 2005 plea date in

Federal court, Petitioner was informed by counsel of the possible problems that would prevent

Petitioner from receiving a concurrent sentence.  See 10/12/05 Catanzaro Letter. (Submitted as

Exhibit II in Petitioner's 28 U.S.C. § 2255 Petition).

On May 27, 2005, Petitioner appeared before this Court and pled guilty to violation of

supervised release by possession of a controlled substance.  Petitioner was sentenced to 24

months.  See 5/27/05 Minutes of Proceedings.  On June 3, 2005, Petitioner was sentenced in state

court to a mandatory minimum term of 33 months imprisonment, with a maximum term of five

years.  See N.J.D.O.C. Offender Information Sheet for Joseph Brown.  Petitioner was brought

back to Hudson County jail to begin his state sentence.

On June 5, 2006, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his

federal sentence.  Petitioner raised the issue of ineffective assistance of counsel, alleging

Counsel's failure to properly inform Petitioner of the terms and conditions of his federal

sentence.  Petitioner states in his motion that he believed the state sentence would run concurrent

with his federal sentence and that he would be returned to finish his federal sentence.  In

response, the Government filed a motion to dismiss on October 12, 2006.

## II.      STANDARD OF REVIEW

The Government has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  In

reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must

accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as

true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commw. of Pa., 36

F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiff can

prove no set of facts that would entitle him to relief.  Burstein v. Retirement Account Plan for

Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003)

(citation omitted).

A prisoner in federal custody may file a motion in the trial court challenging the validity

of his sentence under 28 U.S.C. § 2255.  Morelli v. United States, 285 F. Supp. 2d 454, 458

(D.N.J. 2003).  Pursuant to 28 U.S.C. § 2255, a petitioner may move to vacate, set aside, or

correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution

or laws of the United States, or that the court was without jurisdiction to impose such sentence,

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack."  To establish a right to habeas corpus relief, a petitioner must demonstrate that

the sentence has a fundamental defect resulting in a complete miscarriage of justice or an

omission inconsistent with the rudimentary demands of fair procedure.  See, e.g., United States v.

DeLuca, 889 F.2d 503, 506 (3d Cir. 1989); Morelli, 285 F. Supp. 2d at 458-59 (citations

omitted).  Thus, the Petitioner is entitled to relief only if he can establish that he is in custody in

violation of federal law or the Constitution.

## III.     DISCUSSION

The right to effective assistance of counsel is guaranteed by the Sixth Amendment.  The

standard for ineffective assistance of counsel was established by the United States Supreme

Court in Strickland v. Washington, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not functioning
> as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the
> defendant must show that the deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to deprive the defendant of a
> fair trial, a trial whose result is reliable.

Id. at 687. Thus, a claim for ineffective assistance of counsel must satisfy both prongs of the

Strickland standard. The Third Circuit has followed the Strickland standard for Sixth

Amendment claims of ineffective assistance of counsel. Jacobs v. Horn, 395 F.3d 92, 102 (3d

Cir. 2005).

Under the first prong for deficient performance, a reviewing court begins with the "strong

presumption" that counsel's performance fell "within the wide range of reasonable professional

assistance." Strickland, 466 U.S. at 689. The standard for attorney performance is "reasonably

effective assistance" or "reasonableness under prevailing professional norms." Id. at 687, 688.

To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify

the acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment." Id. at 690. The court must then determine whether, in light of all the

circumstances at the time, the identified errors were so serious that they were outside the wide

range of professionally competent assistance. Id.

Under the second prong, the Petitioner must show prejudice. Prejudice consists of a

"reasonable probability" that the outcome would have been significantly different had counsel's

performance been adequate. Strickland, 466 U.S. at 694. A reasonable probability is "a

probability sufficient to undermine confidence in the outcome." Id. at 694. In the context of a

guilty plea challenge based on an ineffective assistance of counsel claim, the plaintiff must show that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockheart, 474 U.S. 52, 59 (1985).  The plaintiff must show "more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."  Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995), cert. denied, 516 U.S. 1058 (1996), superceded by statute in part, as stated in Dickerson v. Vaughn, 90 F.3d 87 (3d Cir. 1996).  See also United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997) (defendant needs to present evidence "sufficient to undermine our confidence that [the attorney] would have advised his client to plead guilty rather than proceed to trial and that [the defendant] would have accepted that advice").

An assertion by counsel with regard to a possible outcome of sentencing is not enough to satisfy the Strickland requirement for prejudice.  In United States v. Wilder, 204 F. App'x. 146 (3d. Cir. 2006), the defendant alleged ineffective assistance of counsel and sought to withdraw his guilty plea on the grounds that it was not knowingly and intelligently made because counsel had incorrectly advised him of his career offender status.  The Third Circuit denied defendant's motion because the only evidence presented by the defendant was an assertion by his attorney that his case was not "that bad."  Id. at 148.  "This lone assertion is insufficient to establish prejudice."  Id.  The Court also noted that the record was "replete with evidence of petitioner's guilt," which prevented any type of showing that but for counsel's errors the result of the proceeding would have been different.  Id. at 149.

The Third Circuit has also previously denied 28 U.S.C. §  2255 motions solely based upon a claim of lack of knowledge that a sentence would not run concurrently.  In Paradiso v. United States, 482 F.2d 409 (3d Cir. 1973), the defendants sought to withdraw their guilty pleas, alleging that they were denied due process because they were under the impression by counsel

that their sentences on two counts would run concurrently.  Defendants based their argument on an alleged agreement between the prosecution and counsel.  Counsel, after speaking with the prosecution, told the defendants that "there was a good probability of getting a concurrent sentence."  Id. at 412.  However, the Court found no evidence to show there was any agreement or that defendants were misled in their expectations of receiving concurrent sentences.  Id.  The prosecution testified that no representation was ever made regarding the sentences.  Id.  Thus, their motions were denied.

In this case, Petitioner has failed to show that counsel's performance met the first prong of Strickland, the deficiency standard.  Petitioner alleged that counsel failed to properly inform him of the terms and conditions of his sentence.  However, this allegation is contradicted by the evidence submitted by the Petitioner.  The letter by Petitioner's former counsel, attached to Petitioner's motion, shows that Petitioner was informed by counsel of the possibility of consecutive sentences.  See 10/12/05 Catanzaro Letter.  The minutes of the proceedings in Petitioner's guilty plea also states that Petitioner was informed of the charges, rights, and penalties related to his sentence.  See 5/27/05 Minutes of Proceedings.  Nothing in the minutes suggests that Plaintiff's sentence in federal court was to run concurrently with the state sentence.

In addition, Petitioner has not met the prejudice standard of Strickland because he has failed to make even the bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial.  Petitioner's only allegation is that he was not properly instructed by counsel of the terms and conditions of his federal sentence.  Even if Petitioner had properly alleged that he would not have pleaded guilty, an allegation is not enough.  United States v. Wilder, 204 F. App'x. at 148.  There is no indication on the record that Petitioner would have gone to trial had he been properly informed by counsel.  At the time of the federal plea, Petitioner

had already pleaded guilty in state court to the same underlying violation.  Thus, Petitioner has

failed to make a claim for ineffective assistance of counsel under <u>Strickland</u> and without a

showing of a Constitutional violation, Petitioner's motion under 28 U.S.C. § 2255 fails.

## IV.    CONCLUSION

For the reasons stated above, petitioner's motion for relief under 28 U.S.C. § 2255 is

denied and the Government's motion to dismiss is granted.


Dated:    10/15/2007                          /s/ Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge